# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Lloyd G. WRIGHT, Attorney at Law.

Supreme Court

*No. 85–1554–D. Filed August 15, 1986.*

(Also reported in 391 N.W.2d 696.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Lloyd G. Wright to practice law in Wisconsin be suspended for 90 days, that conditions be imposed upon the reinstatement of his license and his practice of law for one year following reinstatement, that he be required to repay a fee received from a former client for legal services, and that he be ordered to pay the costs of this proceeding. We agree that the discipline recommended by the referee is appropriate in the circumstances.

Attorney Wright was admitted to practice law in Wisconsin in 1979 and practices in Madison. He has not previously been the subject of a disciplinary pro-

ceeding. The referee is the Honorable William C. Sachtjen, reserve judge.

The referee made findings of fact pursuant to a stipulation of the parties. Attorney Wright was suspended from membership in the state bar from December 2, 1983, until September 14, 1984, by reason of his failure to complete continuing legal education requirements for calendar years 1982 and 1983. During that time he advertised his professional services in the newspaper and practiced law, in violation of SCR 22.26(2). In May, 1984, he undertook to represent a couple in a Chapter 13 petition in bankruptcy court, for which he was paid $300. Attorney Wright drafted the necessary documents for the petition, but when the couple learned of his suspension, they demanded the return of the money and that their legal matter be concluded by another attorney. Attorney Wright did not return the $300. The referee concluded that the contract for Attorney Wright's legal services was void, pursuant to SCR 11.01(2) and 20.12(1).

In June, 1984, Attorney Wright accepted an appointment from the state public defender to represent a man charged with a felony. He appeared on behalf of that client at the arraignment, but he failed to appear for him at a pretrial conference on September 7, 1984, and again failed to appear at a second pretrial conference on November 27, 1984. On the day before the second conference, Attorney Wright delivered his client's file to the state public defender office. He subsequently failed to appear on the client's behalf at a third pretrial conference the following month. The referee concluded that Attorney Wright neglected his client's legal matter, in violation of SCR 20.32(3), and withdrew from the representation of that client without re-

ceiving court permission and without taking reasonable steps to avoid prejudice to the client, in violation of SCR 20.16(1)(a) and (b).

In June, 1985, the Social Security Administration determined that Attorney Wright was entitled to disability payments as a result of medical problems. However, the referee found, as the parties had stipulated, that Attorney Wright is not now disabled because of those medical conditions.

The referee recommended that Attorney Wright's license to practice law in Wisconsin be suspended for a period of 90 days, commencing June 27, 1986, the date on which the parties entered into the stipulation of facts. In addition, the referee recommended that his license be reinstated only upon payment of unpaid bar association dues, for which he was suspended on October 31, 1984, and upon satisfaction of all continuing legal education requirements. The referee further recommended that for one year following reinstatement Attorney Wright's practice be supervised by an attorney acceptable to the Board of Attorneys Professional Responsibility (Board), with quarterly reports to be filed by the supervising attorney, that during the same one-year period Attorney Wright continue to seek and obtain medical care, with reports thereof to be submitted to the Board at least quarterly, and that he repay the $300 fee to his former clients. We accept the referee's findings of fact and conclusions of law, and we agree that the recommended discipline is appropriate.

IT IS ORDERED that the license of Lloyd G. Wright to practice law in Wisconsin is suspended for 90 days, commencing June 27, 1986.

IT IS FURTHER ORDERED that the license of Lloyd G. Wright to practice law in Wisconsin shall not

be reinstated until he has paid unpaid state bar dues and has satisfied applicable continuing legal education requirements.

IT IS FURTHER ORDERED that for one year following reinstatement, the practice of law of Lloyd G. Wright shall be supervised by an attorney acceptable to the Board of Attorneys Professional Responsibility, with quarterly reports to be filed by the supervising attorney with the Board.

IT IS FURTHER ORDERED that for one year following reinstatement, Lloyd G. Wright shall seek and obtain medical care for the conditions for which he was determined to be entitled to disability payments, with reports of such care to be submitted to the Board of Attorneys Professional Responsibility at least quarterly.

IT IS FURTHER ORDERED that within one year of the reinstatement of his license to practice law, Lloyd G. Wright repay the amount of $300 paid by his former bankruptcy clients for his legal services.

IT IS FURTHER ORDERED that within one year of the reinstatement of his license to practice law, Lloyd G. Wright pay to the Board of Attorneys Professional Responsibility the cost of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Lloyd G. Wright to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Lloyd G. Wright comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., took no part.