IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Lloyd G. WRIGHT,
Attorney at Law.

Supreme Court

*No. 88–1010–D. Filed September 8, 1988.*

(Also reported in 428 N.W.2d 549.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding recommended that the license of Lloyd G. Wright to practice law in Wisconsin be suspended for a period of two years as discipline for professional misconduct consisting of his failure to comply with conditions imposed by the court upon the reinstatement of his license to practice law in 1986, following its suspension for professional misconduct, and for his failure to respond to inquiries from the Board of Attorneys Professional Responsibility in the course of its investigation of his alleged professional misconduct. The referee also recommended that conditions be imposed on his continued practice of law in the event his license is subsequently reinstated.

We determine that the recommended two-year suspension of Attorney Wright's license to practice law is appropriate discipline for his misconduct. Attorney Wright failed to comply with conditions the court imposed upon him when it reinstated his license. Those conditions were intended to ensure his continued compliance with the court's rules of professional conduct for attorneys, as well as to provide restitution to a client who had been harmed by his misconduct. In addition, Attorney Wright failed to respond to inquiry from the court's disciplinary board investigating alleged misconduct occurring after his license reinstatement. Attorney Wright's disregard of the court's

disciplinary order and of the disciplinary authority of this court over attorneys is of sufficient severity to warrant a two-year suspension of his license to practice law.

Attorney Wright was licensed to practice law in Wisconsin in 1979 and resides in Brookfield. In 1986, the court suspended his license for 90 days as discipline for continuing to advertise his professional services and undertaking representation of clients while he was not entitled to practice law because of his failure to comply with the court's rule requiring continuing legal education of attorneys. In one of those matters, he failed to appear on a client's behalf at three pretrial conferences. *Disciplinary Proceedings Against Wright,* 132 Wis. 2d 223, 391 N.W.2d 696 (1986). The referee in this proceeding is Attorney Robert P. Harland.

As part of its 1986 disciplinary order, the court conditioned the reinstatement of Attorney Wright's license upon his satisfaction of continuing legal education requirements, supervision of his practice of law following reinstatement for a period of one year by another attorney, with quarterly reports of that supervision to be filed by the attorney, his obtaining medical care, with quarterly reports to be submitted to the Board, and his repayment within one year of reinstatement of the amount of $300 which he had collected from former clients for legal services he then failed to render. Additionally, the court ordered him to pay the costs of the disciplinary proceeding within one year of reinstatement.

Attorney Wright's license to practice law was reinstated in October, 1986, but he failed to comply with the conditions imposed by the court. First, although medical care was continued for a time, only

one quarterly report was filed, and that was in December, 1986. Second, the attorney supervising Attorney Wright's practice filed two reports, in the second of which he stated that Attorney Wright had found employment with an attorney who reported that Attorney Wright had neglected two matters entrusted to him and that his work was "erratic and unpredictable with frequent tardiness and absence without explanation." The Board's subsequent investigation disclosed that Attorney Wright failed to appear at an unemployment compensation hearing for one client and failed to file responsive pleadings on clients' behalf in two other actions. Third, Attorney Wright did not repay the former clients the $300 retainer or pay the costs of the disciplinary proceeding or make a showing of an inability to pay those costs.

In response to the report of the supervising attorney, the Board sent Attorney Wright a request for information in June, 1987 regarding the allegations of neglect of client matters. Attorney Wright did not respond to that or two additional letters of inquiry requesting the same information.

The referee concluded that Attorney Wright's failure to continue medical care and provide quarterly reports and his failure to return the clients' retainer and pay the costs of the disciplinary proceeding or show an inability to do so constituted a violation of the court's order, contrary to SCR 21.05(5). The referee also concluded that Attorney Wright's failure to respond to Board inquiries in the course of an investigation violated SCR 22.07(2). Taking into account the prior discipline and Attorney Wright's failure to file an answer or otherwise appear in this proceeding, the referee recommended that his license to practice law be suspended for two years and that he continue to be

required to make restitution as originally ordered by the court.

We adopt the referee's findings of fact and conclusions of law and agree that a two-year suspension of Attorney Wright's license to practice law is appropriate discipline for his misconduct. Attorney Wright has established that he is unfit to be licensed to practice law at the present time, and a substantial period over which he might show rehabilitation is needed to protect the public, should his license be reinstated in the future. It is also appropriate that the conditions previously imposed on his continued practice following reinstatement be imposed again.

IT IS ORDERED that the license of Lloyd G. Wright to practice law in Wisconsin is suspended for a period of two years, commencing October 10, 1988.

IT IS FURTHER ORDERED that the license of Lloyd G. Wright to practice law in Wisconsin shall not be reinstated until he has paid unpaid state bar dues and has satisfied applicable continuing legal education requirements.

IT IF FURTHER ORDERED that for one year following reinstatement, the practice of law of Lloyd G. Wright shall be supervised by an attorney acceptable to the Board of Attorneys Professional Responsibility, with quarterly reports to be filed by the supervising attorney with the Board, and that Lloyd G. Wright shall obtain medical care for the conditions for which he was determined to be entitled to disability payments, with reports of such care to be submitted to the Board of Attorneys Professional Responsibility at least quarterly.

IT IS FURTHER ORDERED that within one year of the reinstatement of his license to practice law, Lloyd G. Wright repay the amount of $300 to his

former bankruptcy clients and pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding and the prior disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Lloyd G. Wright to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Lloyd G. Wright comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.